### KELLY v. WRONKOW et al.

(Supreme Court, Special Term, New York County. February 9, 1908.)

MORTGAGES—FORECLOSURE—REFEREE'S REPORT.

> The report of a referee appointed to sell on foreclosure will not be set aside because he allowed the purchaser to deduct the amount on a prior mortgage, where the judgment of foreclosure recognized the existence of the prior mortgage and directed that that portion of the premises covered by it be sold as one parcel, the notice of sale stated that that parcel would be sold "subject to a prior mortgage," it was announced at the sale that bids would be received for the full value of the parcel, and that the purchaser would be permitted to deduct from the purchase price the amount of the prior mortgage, the report shows the amount bid, the deduction allowed, and the cash received, and no objections to the report were filed, though notice of the presentation thereof was served on defendant's attorney, the report was confirmed after notice to all parties who appeared in the action, there is no suggestion of fraud or collusion, nor inadequacy of price, and the rights of no party were sacrificed or injured, no exceptions to any of the proceedings have been filed, and no appeal has been taken from judgment or order; the sale having become absolute as to the parties and their representatives.

Action by Richard B. Kelly against Herman Wronkow and others. Defendant Henry Huber Company and defendant Zurzrok's trustee in bankruptcy move to set aside the referee's report. Motions denied. Affirmed 110 N. Y. Supp. 1134.

Putney, Twombly & Putney, for plaintiff.
Donald McLean, for defendant Huber.
Charles H. Broas, for trustee in bankruptcy
Lese & Connolly, for purchaser.

LEVENTRITT, J. The defendant Henry Huber Company and the trustee in bankruptcy of the defendant Kurzrok, in an action brought to foreclose a mortgage, moved to set aside the report of the referee appointed to sell the mortgaged property on the ground that the referee illegally allowed the purchaser on the sale to deduct from the purchase price the amount due on a prior mortgage.

The summons and complaint in this action were duly served on these defendants. The defendant Kurzrok and his wife appeared and de-

faulted in pleading. The defendant Henry Huber Company default-ed both in appearance and pleading. The judgment of foreclosure and sale recognized the existence of the prior mortgage and direct-ed that that portion of the premises covered by it be sold as one parcel. The notice of sale called attention to the fact that this parcel would be sold "subject to a prior mortgage" and interest. At the sale it was announced that bids would be received for the full value of the parcel and that the purchaser would be permitted to deduct from the purchase price the amount of the prior mortgage. The property was sold in accordance with these terms and the proper deduction made from the bid. The referee reported the sale, showing the amount bid, the deduction allowed, and the cash received. To that report no objections were filed, although notice of the presenta-tion thereof was served on the defendant Kurzrok's attorneys. There-after, and in October, 1907, upon notice to all parties who had ap-peared in the action, including the defendant Kurzrok, and upon county clerk's certificate of no exceptions, the referee's report of sale was "in all things" confirmed and declared to be absolute. The report of sale was filed before the petition in bankruptcy and was con-firmed before the adjudication.

In view of the circumstances detailed, these applications cannot prevail. There is no suggestion of fraud or collusion, nor of inad-equacy of price, and the rights of no party have been sacrificed or injured. The purchaser bought upon the terms advertised and an-nounced at the sale. If the provision for payment was irregular, the irregularity was cured by the order confirming the referee's report of sale. No exceptions have been filed to any of the proceedings, and no appeal taken from judgment or order. The sale has therefore become absolute as to the parties and their representatives.

The motions must be denied.